UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID G. NICOLL, | : | |
| | : | |
| Petitioner, | : | Civ. No. 22-2336 (KM) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| MERRICK GARLAND, MICHAEL CARVAJAL, ALIX MCCLEARAN, | : | |
| | : | |
| Respondents. | : | |

**KEVIN MCNULTY, U.S.D.J.**

The petitioner, David Nicoll, was a federal inmate serving in home confinement as part of programming provided by a residential re-entry center when he filed this amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 through counsel. DE 6. The petition argues that the Federal Bureau of Prisons ("BOP") failed to award him time credits for participation in the Residential Drug Abuse Program ("RDAP") in violation of the First Step Act, 18 U.S.C. § 3632(d)(4)(A) ("FSA"), and seeks an order releasing him from custody. DE 6 at 4–5. By letter dated September 7, 2022, the Government informed the Court that Nicoll completed his federal sentence on June 14, 2022, and suggested that the case was moot. DE 10. No response has been filed. For the reasons given below, the habeas petition is dismissed as moot.

**I.    BACKGROUND**

On June 10, 2013, Nicoll pled guilty to money laundering and conspiracy to defraud the United States, in violation of 18 U.S.C. §§ 371, 1956(a)(1)(B)(i). *See* Crim. No. 13-385 (D.N.J.), DE 35. On June 13, 2018, Nicoll was sentenced to an aggregate term of seventy-two months in prison and one year of supervised release. *Id*. DE 159, 160. On April 22, 2022, Nicoll filed a habeas petition (DE 1), and three days later filed this amended petition (DE 6), arguing that the

BOP told him, on January 15, 2022, that he was entitled to receive 365 days of credit under the FSA, and the respondents violated his statutory rights by failing to provide the promised credits. DE 6 at 4–5. When he filed these counseled habeas petitions, Nicoll was being held at Kintock Male Correctional Treatment, Re-Entry Services Division. DE 6 at 1 (¶ 1).

The Government answered the amended petition on May 10, 2022, arguing that Nicoll failed to exhaust his administrative remedies and that, in any event, the BOP properly calculated Nicoll's sentence. DE 9 at 14–16, 16–19. Nicoll did not submit a reply. On September 7, 2022, the Government filed a supplemental letter informing the Court that Nicoll completed his participation in RDAP and was released from his federal sentence on June 14, 2022, and asserting that Nicoll's habeas petition is therefore moot. DE 10 at 1–2.

## II. DISCUSSION

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quotations and citations omitted). "The case or controversy requirement continues through all stages of federal judicial proceedings . . . and requires that parties have a personal stake in the outcome." *Id.* (citation omitted).

"Generally speaking, a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996) (citation omitted). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Id.* at 698–99.

Nicoll's amended petition challenges the BOP's alleged failure to award him earned time credits for participation in RDAP and seeks immediate release from custody. Because Nicoll has now completed service of his federal sentence and has been released from BOP custody, there is no relief this court could give. Thus, the Court dismisses Nicoll's amended petition as moot. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."); *Burkey*, 556 F.3d 142 (petitioner's release from custody mooted 2241 petition challenging denial of early release); *Buczek v. Werlinger*, 513 F. App'x 126, 127–28 (3d Cir. 2013) (The "personal stake in the restoration of [petitioner's] Good Conduct Time is now absent from his case because of his release from prison. We are unable to fashion any form of meaningful relief and thus, whether or not his due process rights were violated (and we do not suggest that they were), the appeal is moot.").

### III.   CONCLUSION

For the foregoing reasons, the amended petition (DE 6) is dismissed as moot. An appropriate order will be entered.

Dated: September 14, 2022

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge